**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Matthew A Smith,**

**Plaintiff,**

**v.**

**Kyle Hobbs,**

**Defendant.**

**Case No. 2:26-cv-00886**

**Judge Michael H. Watson**
**Magistrate Judge Kimberly A. Jolson**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Undersigned for consideration of Plaintiff's Amended Motion to Proceed *in forma pauperis* (Doc. 4), and the initial screen of his Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 4) is **GRANTED**. The Court **DENIES as moot** his original request for the same (Doc. 1). All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

## I. BACKGROUND

Plaintiff's Complaint claims that Defendant Kyle Hobbs, a Morrow County, Ohio supervising probation officer, violated his constitutional rights in several ways. (Doc. 1-1). In particular, Plaintiff alleges he met with Hobbs in October 2024 to discuss probation. (*Id.* at ¶¶ 6–7). During the meeting, Hobbs gave Plaintiff a drug test, which returned negative results. (*Id.*).

Plaintiff kept Hobbs informed of his address, but he asserts that when Hobbs attempted to conduct a house visit in November 2024, he went to the wrong house. (*Id.* at ¶¶ 9–10). When Hobbs called Plaintiff to ask where he was, Plaintiff told him, "I was chillin' with my girl." (*Id.*

at ¶ 11). Plaintiff alleges Hobbs was "infuriated with" his "diction" and subsequently informed Plaintiff if he did not come to see him the next week, Hobbs would "put out a warrant to arrest you for absconding." (*Id.*). Then Plaintiff asked to reschedule the appointment due to lack of transportation, but Hobbs refused. (*Id.* at ¶¶ 12–13). Plaintiff alleges that because of the missed meeting, Hobbs submitted a "fabricated violation report" with the state court that, among other things, said Plaintiff failed to notify the court of his change in address, failed to notify Hobbs of changes in circumstances; and failed to keep appointments with Hobbs. (*Id.* at ¶¶ 16–22).

The next month, Plaintiff says he "filed criminal charges against Hobbs." (*Id.* at ¶ 23). But as a result, he was arrested for a "fabricated warrant." (*Id.* at ¶ 24). At his subsequent revocation hearing, Hobbs did not appear, though Plaintiff says he saw Hobbs at the courthouse. (*Id.* at ¶¶ 26–27).

Plaintiff sues Defendant in his official capacity for violating his rights secured by the First, Fourth, Sixth, and Fourteenth amendments of the United States Constitution. (*Id.* at ¶¶ 10, 30–39). He asks for at least $56,838,600 in compensatory damages and $700,000 in punitive damages. (*Id.* at ¶¶ 40–155).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At

bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

## III. DISCUSSION

Plaintiff's Complaint should be dismissed in its entirety. Plaintiff sued Hobbs only in his official capacity. (Doc. 1-1 at ¶ 5). And he seeks only monetary damages. (*Id.* at ¶¶ 40–155). As this Court recently explained to Plaintiff in a case almost identical to this one,

> Any official-capacity claims for damages are construed as claims against the entity for which Probation Officers Hobbs . . . work[s]. It is not clear, however, whether the Court should treat such official-capacity claims as claims against Morrow County or the State of Ohio. *See Cash v. Hamilton Cnty. Dep't of Adult Prob.*, 388 F. 3d 539, 545 (6th Cir. 2004) (concluding that whether the county probation department was entitled to sovereign immunity "will turn on factual findings regarding whether the Department of Adult Probation is part of the Ohio court

> system and whether the State or the County would pay damages for a constitutional violation perpetrated by the Department"); *compare Hall v. Board*, No. 24-3797, 2025 WL 2639656, at *2 (6th Cir. Apr. 17, 2025) ("Ohio state courts, including municipal courts, are entitled to sovereign immunity." (citation omitted)) *and Ortiz v. Holmes*, 157 F. Supp. 3d 692, 697-702 (N. D. Ohio 2016) (treating official-capacity claims against probation officers as suits against the state) *and Victor v. Roscommon Cnty. Probation Dep't*, No. 11-15143, 2012 WL 1598138, at *2 (E. D. Mich. May 7, 2012) (same) *with Johnson v. Ham's*, No. 1:08- cv-36, 2009 WL 277992, at *7(E. D. Tenn. Feb. 5, 2009) (treating official-capacity claim against probation officer as a claim against the county).
>
> To the extent the Court were to deem the official-capacity claims for damages as claims against Morrow County, the Complaint fails because it contains no allegations of an unlawful custom, policy, or practice and therefore fails to state a claim under *Monell*. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U. S. 658, 692 (1978).
>
> To the extent the Court were to deem the official-capacity claims for damages claims as claims against the State of Ohio, sovereign immunity precludes the claims. *E.g., Hall*, 2025 WL 2639656, at *2 ("Sovereign immunity bars claims for money damages based on federal rights by state agencies and state officials sued in their official capacities." (citation omitted)).

*Smith v. Hobbs*, No. 2:26-cv-83 (S.D. Ohio May 20, 2026), Doc. 4 at 6–8.

So too here. To the extent the Court deems the official capacity claims for damages against Morrow County, Plaintiff does not allege an unlawful custom, policy, or practice as would state a claim under *Monnell*. (*See generally* Doc. 1-1). And to the extent the Court construes the official capacity claims for damages against the State of Ohio, sovereign immunity precludes his claims.

For these reasons, Plaintiff's Complaint should be dismissed in its entity because he fails to state a claim upon which relief can be granted or he alternatively seeks monetary relief from a defendant who is immune from such relief.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis* (Doc. 4) and **DENIES as moot** his first request for the same

(Doc. 1). After conducting an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

Date: August 13, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).